UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
"IN ADMIRALTY"

Case No.: _____

IN THE MATTER OF THE:

Complaint and Petition of:

OCEANSIDE WATERSPORTS, LLC, a
Maryland for-profit company, as owner of
the vessels, a 2023 BRP USA SEADOO,
Registration Number 3900LB, HIN
YDV59259A2323, and a 2022 BRP USA
SEADOO, Registration Number 2017LB,
HIN YDV71003C222, for Exoneration from
and/or Limitation of Liability,

　　　　　　Petitioner.　　　　　　　　　　／

## COMPLAINT AND PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY

Petitioner, OCEANSIDE WATERSPORTS, LLC (hereinafter "Petitioner" and also referred to as a Plaintiff-in-Limitation), as the registered owner of the vessels, a 2023 BRP USA SEADOO, Registration Number 3900LB, Hull Identification Number ("HIN") YDV59259A2323 ("VESSEL ONE"), and a 2022 BRP USA SEADOO, Registration Number 2017LB, HIN YDV71003C222 ("VESSEL TWO") at the time of an incident described more fully below, by and through its attorneys, Wilson Elser Moskowitz Edelman & Dicker, LLP, and hereby petitions for exoneration from or limitation of liability pursuant to Section 20505 of Title 46 of the United States Code, 28 U.S.C., § 1333, and under Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims and in support of thereof avers as follows:

1

1. This is a case of admiralty and maritime jurisdiction under 28 U.S.C. § 1333 and is filed pursuant to Rule 9 (h) of the Federal Rules of Civil Procedure and Rule F, Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2. The venue is proper pursuant to Supplemental Admiralty Rule 9 (h) because the events giving rise to this action took place in navigable waters in Sinepuxent Bay Worcester County Maryland, and the Vessels are in Worcester County, Maryland.

3. Petitioner, Oceanside Watersports, LLC, as the registered owner of the Vessels, is a party entitled to petition for exoneration from or limitation of liability within the meaning of the Limitation of Liability Act, 46 U.S.C., §§ 30501-30512 (2006) and Supplemental Admiralty Rule F (9).

4. On information and belief, Petitioner alleges that Alicia Valerie claims to have sustained injuries when she was a charterer of VESSEL ONE in navigable waters in Sinepuxent Bay, Maryland, on August 23, 2024 (the "Incident").

5. On information and belief, Petitioner alleges that Lori D'Amico claims to have sustained injuries when she was a passenger on VESSEL ONE, while chartered by Alicia Valerie, during the Incident.

6. On information and belief, Petitioner alleges that Tammi Bittner chartered VESSEL TWO during the Incident in which VESSEL ONE and VESSEL TWO collided.

7. Any and all injuries and damages allegedly resulting from the Incident were not caused by or attributable to any fault, design, neglect, or want of due care on the part of Petitioner or anyone for whom Petitioner may be responsible, and any and all such alleged damages were occasioned and occurred without Petitioner's privity or knowledge.

8. Any and all damages, injuries, and losses were occasioned and incurred accidentally and/or as a result of other causes warranting complete exoneration of Petitioner from liability.

9. Petitioner's interest in VESSEL ONE after the alleged Incident is approximately $9,000.00. Petitioner's interest in VESSEL TWO after the alleged Incident is approximately $7,000.00.

10. Petitioner will cause to be filed a Letter of Undertaking in the total sum of $17,000.00 or other security in accordance with Rule F(1), which includes $ 1,000 security for costs in accordance with Local Admiralty Civil Rule F(1), based on the estimated post-Incident value of the Vessels, and Petitioner is also prepared, in respect to security or appraisal, to act in accordance with the provisions of Rule F (1) and (7), when and if the Court should so warrant.

11. Upon information and belief, the damages which may in the future be asserted by Claimants, if any, and/or others might or will exceed the total sum or sums for which Petitioner may be legally responsible or may be required to pay under applicable statutes and laws governing exoneration from and limitation of liability.

12. Petitioner denies any and all liability for any loss, damage, or injury which may be claimed by any person or entity arising out of the Incident and therefore demands exoneration from liability.

13. In the alternative, Petitioner claims the benefit of limitation of liability as provided for in the Limitation of Liability Act (LOLA), 46 U.S.C., § 30505 et seq.

**WHEREFORE**, Petitioner OCEANSIDE WATERSPORTS, LLC prays:

(a) That the Court enter an Order directing the issuance of a Monition to all persons claiming alleged damages for any and all losses, damage, or injury occasioned or incurred as a

308326211v.1

result of the Incident or occurring during the voyage upon which the Vessels were engaged, citing them to appear before this Court and make due proof of their claims, and also to appear and answer the allegations of this Complaint according to law, or thereafter be barred from making or otherwise pursuing any such claims against Petitioner, its agents, representatives, crew members or any person on whose behalf Petitioner may be liable or against the Vessels.

(b) That the Court issue an Order further directing that pursuant to Rule F injunction shall be issued restraining the further prosecution of any and all suits, actions, and proceedings which may have already begun to recover for alleged damages sustained as a result of the Incident and further enjoining the commencement or prosecution thereafter of any suit, action or legal proceeding of any nature against Petitioner its members, agents, representatives, new members, or any other person in respect to any claim or claims arising out of the Incident.

(c) That the Court enter an Order approving Petitioner's proposed Letter of Undertaking, and that the Court order such increases and decreases in such security as the Court may from time to time deem proper.

(d) That if deemed necessary by the Court or at the reasonable request of any claimant, the Court cause due appraisement to be made of the value of the Vessels at the time of the Incident.

(e) That the Court order Petitioner to file an Amended Stipulation of Value with surety pending any demand for future appraisal of the value of the Vessels.

(f) That the Court adjudge:

4

(i) That Petitioner, its agents, representatives, and the Vessels are not liable to any extent for any loss, damage, or injury for any claim whatsoever in any way arising out of or in consequence of the Incident and, therefore, they are entitled to exoneration from and all liability which has been claimed against them as a result of the Incident in question, or

(ii) If Petitioner shall be adjudged liable and the claims are affirmatively proven, then such liability for all claims shall be limited to the amount of the value of Petitioner's interest in the Vessels after the Incident, and that the money paid or secured be divided pro rata among such claimants as they may duly prove their claims before the Court according to the Limitation of Liability Act and Supplement Rule F in accordance with the priorities to which them may legally be entitled, and that a decree be entered discharging Petitioner and the Vessels from all further liability.

(g) That Petitioner may have such other and further relief as this Court may deem just and proper at law and in equity.

Dated: February 19, 2025                                      Respectfully submitted,

                                                               WILSON, ELSER, MOSKOWITZ
                                                               EDELMAN & DICKER LLP


                                                               */s/ Jason R. Waters*
                                                               Jason R. Waters, Esq. (Md. Bar No.: 27867)
                                                               8444 Westpark Drive, Suite 510
                                                               McLean, VA 22102-5102
                                                               Tel.: 703-245-9300
                                                               Fax: 703-245-9301
                                                               jason.waters@wilsonelser.com
                                                               *Counsel for Petitioner and Plaintiff-in-Limitation*

308326211v.1