IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT AND PETITION OF OCEANSIDE WATERSPORTS, LLC, a Maryland for-profit company, as owner of the Vessels, a 2023 BRP USA SEADOO, Registration Number 3900LB, HIN YDV59259A2323, and a 2022 BRP USA SEADOO, Registration Number 2017LB, HIN YDV71003C222, for Exoneration from and/or Limitation of Liability | Civil No.: 1:25-cv-00512-JRR |

## MEMORANDUM OPINION AND ORDER

The court has before it Claimants' Motion to Dissolve the Injunction and Stay the Limitation Proceeding. (ECF No. 28, the "Motion.") The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025).

The factual and procedural background leading to the Motion is well-documented throughout the docket, including in the Motion, so the court will dispense with reciting it in detail again here. At issue in the Motion is the April 2025 Monition (ECF No. 6) entered further to Limitation Plaintiff Oceanside Watersports, LLC's Complaint for Exoneration from or Limitation of Liability filed pursuant to the Shipowner's Limitation of Liability Act of 1851, 46 U.S.C. § 30501, *et seq.* (the "Limitation Act"), Federal Rule of Civil Procedure Supplemental Rule F, and 28 U.S.C. § 1333. (ECF No. 1.) Thereafter, Claimants Valerie and D'Amico (together, "Claimants") filed timely claims and answers (ECF Nos. 7, 8, 9, 11, and 12).

Claimants now seek dissolution of the injunction set forth in the Monition prohibiting the commencement of action against Limitation Plaintiff arising from the August 2024 incident in order that they may pursue their negligence claims against Limitation Plaintiff pursuant to the Saving to Suitors clause set forth at 28 U.S.C. § 1333(1). The Saving to Suitors clause reserves to this court original exclusive jurisdiction of admiralty and maritime cases "saving to

suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1331(1).  As Claimants correctly note, "[t]he Saving to Suitors clause in § 1333 preserves concurrent common law jurisdiction over some admiralty and maritime claims and gives claimants the option of filing their claims as common law claims in state court or federal court under the district court's diversity jurisdiction." (ECF No. 28-1 at p. 5.)

There are two circumstances where a claimant is authorized to pursue a claim contemplated by the Saving to Suitors clause: 1) where the total value of the claim does not exceed the value of the limitation fund deposited with the court by the limitation plaintiff; and 2) where a single claimant (or multiple claimants operating effectively as a single claimant) stipulates that the district court retains exclusive jurisdiction to adjudicate the vessel owner's limitation of liability and that the claimant will not seek to enforce any judgment that exceeds the limitation fund subject to the district court's denial of the vessel owner's limitation of liability in the Limitation Act action. *Norfolk Dredging Company v. Wiley,* 439 F.3d 205 (4th Cir. 2006).  Claimants acknowledge, and the court agrees, that the Motion bears only on whether the second circumstance is present here, as Claimants' claims exceed the value of the limitation funds.

Here, Claimants' stipulation provides in pertinent part:

> Claimants will not seek, in any action, in any state court or other federal court, any judgment or ruling on the issue of Limitation Plaintiff's right to limitation of liability; and hereby consent to waive any claims of *res judicata* relevant to the issue of limitation of liability on any judgment that may be rendered in any state or other federal court.

(ECF No. 28-2 at ¶ 2.)

Limitation Plaintiff opposes the Motion because Third-Party Defendant Tammi Bittner has not joined the stipulation.[1]  Specifically, Limitation Plaintiff urges that Bittner is a

---

[1] Limitation Plaintiff "acknowledges that if guarantees of protection can be provided to the shipowner, then a multi-claimant case [like Claimants' proposed case] can be 'converted' into a single claimant case" for purposes of the Limitation Act pursuant to *Lewis v. Lewis & Clark Marine, Inc.,* 531 U.S. 438 (2001). (ECF No. 33-1 at p.

2

"potential third-party claimant who has not agreed to the proposed stipulation, and therefore Oceanside's rights are not sufficiently protected and the injunction should not be dissolved." (ECF No. 33-1 at p. 6.)[2]  The court disagrees.

This court aligns itself with the majority view that a party seeking indemnification or contribution from a limitation plaintiff is properly treated as a separate claimant under the Limitation Act, because such a (reasonably) potential third-party claim (like Bittner's) portends a "set of circumstances in which a shipowner could be held liable in excess of the limitation fund." *In re Complaint of Dammers & Vanderheide & Scheepvaart Maats Christina B.V.*, 836 F.2d 750, 757 (2d Cir. 1988); *see In re Live Life Bella Vita, LLC*, 115 F.4th 1188 (9th Cir. 2024) (same); *In re Complaint of Holly Marine Towing, Inc.*, 270 F.3d 1086 (7th Cir. 2001) (same); *Beiswenger Enters. Corp. v. Carletta*, 86 F.3d 1032 (11th Cir. 1996) (same); *Odeco Oil & Gas Co., Drilling Div. v. Bonnette*, 74 F.3d 671 (5th Cir. 1996) (same); *Gorman v. Cerasia*, 2 F.3d 519 (3d Cir. 1993) (same).[3,4]

Importantly, however, where a potential claimant (like Bittner) has not joined a claimant stipulation, the court is empowered to allow present (and stipulating) claimants (like Claimants D'Amico and Valerie) to pursue their claims under conditions that reserve the

---

4.) *See In re Chesapeake Marine Tours, Inc.*, 551 F. Supp. 3d 592, 596-97 (D. Md. 2021) (applying *Lewis* and quoting *Matter of Great Lakes Dredge & Dock Co., L.L.C.*, 423 F.Supp.3d 246, 249 (E.D. Va. 2019), for this proposition). Limitation Plaintiff does not contest the sufficiency of Claimants' stipulation to this extent, and the court agrees the stipulation provides the guarantees of protection required by the Limitation Act, as discussed by the Supreme Court in *Lewis,* and as recently reflected by this court and the Eastern District of Virginia in *Chesapeake Marine Tours* and *Great Lakes Dredge & Dock Co.*, respectively.

[2] By way of background, as Limitation Plaintiff explains, "[b]ased on Ms. Valerie's Claim and Ms. D'Amico's Claim, both asserting allegedly negligent actions by Tammi Bittner, Oceanside filed a Third-Party Complaint against Ms. Bittner. *See generally*, ECF 17. In its Third-Party Complaint, Oceanside seeks contribution and indemnity from Ms. Bittner, and Oceanside cannot obtain a default judgment against her absent a determination of liability." (ECF No. 33-1 at p. 6.)

[3] The minority view, held by the Sixth and Eighth Circuits, is that because indemnity and contribution claims are derivative of the underlying tort claims, they do not create a multi-claimant case for purposes of the Limitation Act. *Universal Towing Co. v. Barrale*, 595 F.2d 414 (8th Cir. 1979); *S&E Shipping Corp. v. Chesapeake & Ohio Ry. Co.*, 678 F.2d 636 (6th Cir. 1982).

[4] In somewhat the same thematic vein, the court further notes that claims for contribution, as contingent or unmature claims, are generally not treated as compulsory counterclaims under the Federal Rules of Civil Procedure. *See generally,* 20 Am. Jur.2d Counterclaim, Recoupment, and Setoff § 25 (2025). (Relatedly, the court is unmoved by Claimants' argument that Bittner's absence from the litigation and default status favors their requested relief.)

3

court's right to stay any potential claim for contribution or indemnification until and unless that claimant executes Limitation Act compliant stipulations. *See, e.g., Dammers* and *Beiswenger, supra.* Claimants' stipulation, which tracks those in *Dammers* and *Beiswenger,* secures such a reservation of power to the court:

> Claimants, while not stipulating to or agreeing to the sum contained in Limitation Plaintiff's stipulation as to the value of the 1) 2023 BRP USA Seadoo, Registration Number 3900LB and 2) 2022 BRP USA Seadoo, Registration Number 2017LB (collectively []the "Vessels[") and their pending freight, hereby stipulate that in the event any state court or other federal court renders a judgment or recovery in excess of Limitation Plaintiff's stipulation of value, whether against Limitation Plaintiff or any other liable party or parties who may make a cross-claim over and against Limitation Plaintiff, in no event will Claimants seek to enforce such judgment or recovery in excess of Limitation Plaintiff's stipulation of value until such time as this Court has adjudicated Limitation Plaintiff's Complaint for limitation of liability.

(ECF No. 28-2 at ¶ 3.)

For these reasons, the court is satisfied that Claimants' stipulation protects Limitation Plaintiff's interests in accordance with the Limitation Act. Therefore, it is this 13th day of December 2025:

**ORDERED** that Claimant's Motion to Dissolve the Injunction and Stay the Limitation Proceeding (ECF No. 28) shall be, and is hereby, **GRANTED**; and further it is

**ORDERED** that this case shall be, and is hereby, **STAYED** pending further notice from the parties that the case can be dismissed or that some other relief is necessary.

/S/
_____
Julie R. Rubin
United States District Judge